IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| NCR CORPORATION<br>1700 South Patterson Blvd.<br>Dayton, Ohio 45479-0001, | : <br> : <br> : | CASE NO. 3:04 cv 0142 |
| Plaintiff, | : | |
| | : | Judge: **WALTER HERBERT RICE** |
| v. | : | |
| PSC, INC. and PSC SCANNING, INC.<br>959 Terry Street<br>Eugene, Oregon 97402-9150, | : <br> : <br> : | **COMPLAINT FOR PATENT<br>INFRINGEMENT AND<br>DECLARATORY JUDGMENT** |
| Defendants. | : | **JURY TRIAL DEMANDED** |

Plaintiff NCR Corporation, by its attorneys, brings this action against Defendants, PSC, Inc. and PSC Scanning, Inc., for a judgment that Defendants have infringed and are infringing the following United States Patents: 4,868,375, 5,191,199, and 5,508,600; for damages and other relief resulting from that infringement; and for a declaratory judgment of invalidity and noninfringement with regard to the following United States Patents: RE37,166; 6,237,852; 6,568,598; and 6,575,368.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, NCR Corporation, ("Plaintiff" or "NCR") is a Maryland corporation having its principal place of business at 1700 South Patterson Blvd., Dayton, Ohio 45479-0001.

2. On information and belief, Defendant, PSC, Inc., is a New York corporation having its principal place of business at 959 Terry Street, Eugene, Oregon 97402-9150.

3. On information and belief, Defendant, PSC Scanning, Inc., is a Delaware corporation having its principal place of business at 959 Terry Street, Eugene, Oregon 97402-9150.

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, specifically, 35 U.S.C. § 271, et seq. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5. This is an action for a declaratory judgment of noninfringement and invalidity of patents arising under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 100, et seq. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 2201(a).

6. On information and belief, Defendants do business in this judicial district. The matters in controversy arise out of activities undertaken by Defendants in this judicial district, including, but not limited to, allegations of infringement sent to NCR Corporation in this district, and selling and/or offering to sell bar code scanning products that include the inventions claimed in United States Letters Patent Nos. 4,868,375; 5,191,199; and 5,508,600 or in use practice the invention claimed in those patents. For at least these reasons, Defendants are considered to reside in this district for purposes of determining venue. Venue is proper in this Court and judicial district, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
## (Infringement of U.S. Patent Number 4,868,375)

7. NCR realleges and incorporates herein by reference Paragraphs 1-6 above.

8. On September 19, 1989, United States Letters Patent No. 4,868,375 ("the '375 patent"), entitled "Method For Changing The Functions Of A Bar Code Reader," was duly and legally issued to NCR employee Denis M. Blanford. All right, title, and interest in the '375 patent has been assigned to NCR, and NCR is the owner of the entire right, title, and interest in and to the '375 patent. A true and correct copy of the '375 patent is attached as Exhibit A.

9. On information and belief, Defendants have infringed, have induced others to infringe, or have committed acts of contributory infringement of one or more claims of the '375 patent. At least Defendants' sales, offers for sale, and use of the Duet Scanner, the QuickScan QS2500 and 6000/6000plus, the Magellan 2200VS, 2300HS, and 9500, and the VS800 Scanner constitute infringing activities under 35 U.S.C. § 271 with respect to claims of the '375 patent.

10. On information and belief, Defendants' infringement of the '375 patent is willful, making this an exceptional case within the meaning of 35 U.S.C. § 285.

11. Defendants' infringement of the '375 patent damages and irreparably harms NCR. NCR will continue to be damaged and irreparably harmed unless Defendants' infringing activities are enjoined by this Court.

12. Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that

is not presently known to NCR. NCR is entitled to monetary damages pursuant to 35 U.S.C. § 284.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent Number 5,191,199)

13. NCR realleges and incorporates herein by reference Paragraphs 1-12 above.

14. On March 2, 1993, the United States Patent and Trademark office duly and lawfully issued U.S. Patent No. 5,191,199 ("the '199 patent"), entitled "Bar Code Scanner Support Member," to Michael J. Elco. All right, title, and interest in the '199 patent has been assigned to NCR, and NCR is the owner of the entire right, title, and interest in and to the '199 patent. A true and correct copy of the '199 patent is attached as Exhibit B.

15. On information and belief, Defendants have infringed, have induced others to infringe, or have committed acts of contributory infringement of one or more claims of the '199 patent. At least Defendants' sales, offers for sale, and use of the Quickscan QS2500 constitute infringing activities under 35 U.S.C. § 271 with respect to claims of the '199 patent.

16. On information and belief, Defendants' infringement of the '199 patent is willful, making this an exceptional case within the meaning of 35 U.S.C. § 285.

17. Defendants' infringement of the '199 patent damages and irreparably harms NCR. NCR will continue to be damaged and irreparably harmed unless Defendants' infringing activities are enjoined by this Court.

18. Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to NCR. NCR is entitled to monetary damages pursuant to 35 U.S.C. § 284.

### THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent Number 5,508,600)

19. NCR realleges and incorporates herein by reference Paragraphs 1-18 above.

20. On April 16, 1996, the United States Patent and Trademark office duly and lawfully issued U.S. Patent No. 5,508,600 ("the '600 patent"), entitled "Method for Displaying a Charge Level of a Battery," to Theodore A. Myslinski and Rafeal Heredia. All right, title, and interest in the '600 patent has been assigned to NCR, and NCR is the owner of the entire right, title, and interest in and to the '600 patent. A true and correct copy of the '600 patent is attached as Exhibit C.

21. On information and belief, Defendants have infringed, have induced others to infringe, or have committed acts of contributory infringement of one or more claims of the '600 patent. At least Defendants' sales, offers for sale, and use of the Falcon Portable Data Terminal constitute infringing activities under 35 U.S.C. § 271 with respect to claims of the '600 patent.

22. On information and belief, Defendants' infringement of the '600 patent is willful, making this an exceptional case within the meaning of 35 U.S.C. § 285.

23. Defendants' infringement of the '600 patent damages and irreparably harms NCR. NCR will continue to be damaged and irreparably harmed unless Defendants' infringing activities are enjoined by this Court.

24. Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to NCR. NCR is entitled to monetary damages pursuant to 35 U.S.C. § 284.

**FOURTH CLAIM FOR RELIEF**
**(Noninfringement of U.S. Patent Numbers: RE37,166; 6,237,852; 6,568,598; and 6,575,368)**

25. NCR realleges and incorporates herein by reference Paragraphs 1-24 above.

26. PSC Scanning, Inc. has made allegations that certain NCR products infringe U.S. Patent Numbers: RE37,166 ("the 'RE166 patent"); 6,237,852 ("the '852 patent"); 6,568,598 ("the '598 patent"); and 6,575,368 ("the '368 patent') (collectively the "Asserted Patents"), including allegations made by a letter dated January 28, 2004. A true and correct copy of that letter is attached as Exhibit D.

27. NCR proposed a standstill agreement to allow the parties to hold discussions while precluding litigation for a period of time.

28. PSC Scanning indicated that it was not willing to enter into the standstill agreement offered by NCR.

29. PSC Scanning's actions have created a case or controversy between Plaintiff and Defendants.

30. With respect to each of the Asserted Patents, at least one of the accused NCR products lacks a requirement of the claimed invention.

31. NCR is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that its accused products do not infringe the Asserted Patents.

## FIFTH CLAIM FOR RELIEF
### (Invalidity of U.S. Patent Numbers: RE37,166; 6,237,852; 6,568,598; and 6,575,368)

32. NCR realleges and incorporates herein by reference Paragraphs 1-31 above.

33. On information and belief, claims of the Asserted Patents are invalid, inter alia, for at least one of the following reasons: they are anticipated under 35 U.S.C. § 102; they are obvious under 35 U.S.C. § 103; the specification does not comply with 35 U.S.C. § 112, first paragraph; and the claims do not comply with 35 U.S.C. § 112, second paragraph.

34. NCR is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that claims of the Asserted Patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NCR prays for the following relief:

A. For an Order adjudging Defendants to have infringed the NCR Patents under 35 U.S.C. §§ 271(a), (b) and/or (c).

B.     For a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from directly or indirectly infringing the NCR Patents.

C.     For an accounting of all gains, profits, and advantages derived by Defendants' infringement of the NCR Patents and an award of damages to NCR pursuant to 35 U.S.C. § 284.

D.     For an Order adjudging Defendants to have willfully infringed the NCR Patents.

E.     For an award against Defendants of increased damages of three times the amount of actual damages pursuant to 35 U.S.C. § 284.

F.     For a Declaration that NCR does not directly infringe, contributorily infringe, or actively induce infringement of U.S. Patent Number RE37,166.

G.     For a Declaration that NCR does not directly infringe, contributorily infringe, or actively induce infringement of U.S. Patent Number 6,237,852.

H.     For a Declaration that NCR does not directly infringe, contributorily infringe, or actively induce infringement of U.S. Patent Number 6,568,598.

I.     For a Declaration that NCR does not directly infringe, contributorily infringe, or actively induce infringement of U.S. Patent Number 6,575,368.

J.     For a Declaration that claims of U.S. Patent Number RE37,166 are invalid.

K.     For a Declaration that claims of U.S. Patent Number 6,237,852 are invalid.

L. For a Declaration that claims of U.S. Patent Number 6,568,598 are invalid.

M. For a Declaration that claims of U.S. Patent Number 6,575,368 are invalid.

N. For a finding that this is an exceptional case under 35 U.S.C. § 285 and awarding NCR its attorneys' fees in this action.

O. For an award to NCR of its costs.

P. For an award to NCR of further necessary and proper relief under 28 U.S.C. § 2202; and

Q. For an award to NCR of such other relief as this Court may deem just.

Dated: April 30, 2004

Respectfully submitted,

Of Counsel:

Scott F. Partridge
Howard Speight
Michael A. Hawes
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Telecopier: (713) 229-1522
scott.partridge@bakerbotts.com

Thomas R. Kraemer (0060120)
  Trial Attorney
Julie E. Zink (0071699)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3725
Telecopier: (937) 227-3717
E-Mail: tkraemer@ficlaw.com

Attorneys for Plaintiff NCR Corporation

## JURY DEMAND

Plaintiff NCR demands trial by jury on all issues so triable.

Thomas R. Kraemer